UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEFFREY SCOTT PARKER                                     PLAINTIFF

v.                                           CIVIL ACTION NO. 3:18-CV-P118-CHB

HARDIN COUNTY DETENTION CENTER et al.               DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Jeffrey Scott Parker, filed a *pro se*, *in forma pauperis* complaint. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is incarcerated in the Hardin County Detention Center (HCDC). He names as Defendants the HCDC and, in their official capacities, HCDC Jailer Danny Allen and Lieutenants Robert Reynolds and Jamie Motter. His complaint references the Equal Protection Clause and states that Defendants violated his rights when "they included [him] in punishment of (6 other inmates) misconduct." He further states that he was "involved in mass punishment which includes cruel and unusual punishment." He states that this incident occurred on February 2, 2018, until and including February 5, 2018.

Attached to his complaint are a grievance form and an inmate request form. In the grievance form, Plaintiff grieves that his whole pod was put on lockdown from 5:00 p.m. on February 2, 2018, until 8:00 a.m. on February 5, 2018, after some inmates set off the fire alarm. The grievance form states, "Visits were denied for all and we were punished as a whole for

another's actions. We were taunted by corrections offices and punished for something we had nothing to do with."

As relief, he asks for monetary and punitive damages, an "apology letter to family," and a transfer to Boone County.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff names Defendants Allen, Reynolds, and Motter in their official capacities. Naming employees of Hardin County in their official capacities is the same as suing the county itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Hardin County employees in their official capacities are actually

2

brought against the Hardin County government.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Plaintiff also sues HCDC.  HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  In this situation, it is Hardin County that is the proper defendant in this case.  *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).  Further, Hardin County is a "person" for purposes of § 1983.  *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978).  The Court will therefore construe Plaintiff's claims as brought against Hardin County.

When a § 1983 claim is made against a municipality, like Hardin County, a court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  Here, the Court finds that Plaintiff has not alleged constitutional violations; therefore, the Court will not consider the second issue.

Although Plaintiff cites to the Equal Protection Clause, he has not alleged an equal-protection violation.  To sustain an equal-protection claim, Plaintiff must allege, in part, that Defendants intentionally discriminated against him because he was a member of a protected class, *McCleskey v. Kemp,* 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.,* 76 F.3d 1414, 1424 (6th Cir. 1996), or that he was treated differently than similarly situated individuals.

3

*Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Plaintiff has not alleged that the alleged wrongful conduct was intentionally taken against him because of his membership in a protected class or that he was treated differently than similarly situated individuals. In fact, according to the complaint, all inmates in the pod were put on lockdown. Therefore, Plaintiff's claim for relief for violation of the Equal Protection Clause will be dismissed.

Plaintiff also refers to the "mass punishment" as cruel and unusual punishment. The Eighth Amendment prohibits cruel and unusual punishment and consists of objective and subjective components. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8. The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind . . . one of deliberate indifference." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

Plaintiff's placement in lockdown for four days does not constitute an extreme deprivation which could be characterized as punishment prohibited by the Eighth Amendment. "'Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. Dec. 8, 2003)).

Moreover, Plaintiff's allegation that he was not allowed to have visitors during the lockdown does not change this analysis. *See, e.g.*, *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003) ("[W]ithdrawal of visitation privileges for a limited period as a regular means of effecting prison

discipline . . . is not a dramatic departure from accepted standards for conditions of confinement."). Therefore, Plaintiff fails to state an Eighth Amendment claim.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: July 10, 2018

*Claria Horn Boom*

Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Hardin County Attorney
A958.009